UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ALINE C. DUPONT,<br><br>       Plaintiff,<br><br>v.<br><br>MAINE LABOR RELATIONS BOARD,<br>et al.,<br><br>       Defendants | Civil No. 1:13-cv-00306-DBH |

**RECOMMENDED DECISION**

Aline C. Dupont commenced this action by filing a notice of appeal (ECF No. 1) of a memorandum of decision of the Maine Supreme Judicial Court, Dupont v. Maine Labor Relations Bd., Mem-13-92 (July 23, 2013). (ECF No. 1-1.) She then filed the pending motion for leave to proceed in forma pauperis, i.e., without prepaying fees or costs. (ECF No. 2.) In its memorandum of decision, the Maine Supreme Judicial Court affirmed a decision of the Superior Court, which in turn affirmed a decision of the Maine Labor Relations Board. The Supreme Judicial Court affirmed that the Board did not abuse its discretion when it (1) determined that the Maine State Employees Association, Service Employees International Union Local 1989, did not breach its duty of fair representation, and (2) found that the transcript from Dupont's Unemployment Insurance Commission's hearing was irrelevant to the state court case.

This is not the proper court in which to file an appeal because it lacks subject matter jurisdiction. "The Rooker-Feldman doctrine precludes 'the losing party in state court [from filing] suit in federal court after the state proceedings [have] ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment.'"

Coggeshall v. Mass. Bd. of Registration of Psychologists, 604 F.3d 658, 663 (1st Cir. 2010) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005)).[1]  "The Rooker-Feldman doctrine implicates the district court's subject-matter jurisdiction." Silva v. Massachusetts, 351 F. App'x 450, 454 (1st Cir. 2009).  Instead, an appeal must be by petition for a writ of certiorari with the United States Supreme Court, pursuant to 28 U.S.C. §1257 and in accordance with the Rules of the Supreme Court.  Section 1257 "vests the United States Supreme Court with exclusive 'jurisdiction over appeals from final state-court judgments.'" Id. (quoting Lance v. Dennis, 546 U.S. 459, 463 (2006) (per curiam)).  I express no opinion about whether there is any basis for an appeal.

Pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), I recommend that the court dismiss the appeal.  Section 1915(e)(2)(B)(ii) authorizes the court to dismiss sua sponte, i.e., on its own without awaiting a motion by a defendant, an action filed in forma pauperis if the court determines that the complaint fails to state a claim on which relief may be granted.  Feeney v. Corr. Med. Servs., 464 F.3d 158, 161 n.3 (1st Cir. 2006).  Although section 1915(e)(2)(B)(ii) addresses the issue of dismissal for failure to state a claim and does not explicitly address the issue of the court's lack of jurisdiction, Fed. R. Civ. P. 8(a)(1) provides in pertinent part that a claim for relief must include "a short and plain statement of the grounds for the court's jurisdiction."  Thus, the lack of subject matter jurisdiction, for purposes of the screening function of section 1915(e), amounts to a failure to state a claim.  On that basis, section 1915(e)(2)(B)(ii) is applicable and warrants dismissal of the action.  See Briscoe v. Jackson, 285 F. App'x 205, 207 (6th Cir. 2008) (holding that the dismissal of a complaint pursuant to 28 U.S.C. § 1915(e) was appropriate when 28 U.S.C. § 1257 precluded the district court from exercising subject matter jurisdiction).

---

[1]     Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

2

## CONCLUSION

For the reasons set forth above, I recommend that the court dismiss the action.

## Notice

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

August 14, 2013                             /s/ Margaret J. Kravchuk
                                            U.S. Magistrate Judge